
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN BURKS,                )
                              )
    Plaintiff,                )
                              )
v.                            )   Civil Action No. 3:14CV532–HEH
                              )
ERIC WILSON, et al.,          )
                              )
    Defendants.               )

## MEMORANDUM OPINION
(Granting Defendant's Motion to Dismiss)

Stephen Burks ("Burks"), a federal inmate confined in the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), filed suit[1] in the Circuit Court of Prince George County, Virginia ("Circuit Court") against Defendants[2] for breach of contract. Defendant Wilson[3] removed that case to this Court. The matter is before the Court on Defendant Wilson's (1) Motion to Dismiss or, in the Alternative, for (2) Summary Judgment ("Motion to Dismiss," ECF No. 2; "Motion for Summary Judgment," ECF No. 3); (3) Burks's Motion for Remand (ECF No. 10); and (4) Burks's Motion to Amend (ECF No. 13).

### I. Procedural History

On June 17, 2014, Burks, a federal inmate proceeding *pro se*, filed suit against Defendants in the Circuit Court. The Complaint alleges that Defendants breached contracts

---

[1] "Bill At Law; Breach of Contract Third Party Breach of Contract." ("Complaint," ECF No. 1-1, at 1.)

[2] Burks names as Defendants: "WARDEN ERIC WILSON, CEO," "FEDERAL CORRECTIONAL COMPLEX, LOW," and "PETERSBURG, LOW, INC." (Compl. at 1.)

[3] The United States Attorney's Office represents only Defendant Wilson, as it asserts that the other "defendants[,] the 'Federal Correctional Complex Low Petersburg' and 'Bureau of Prisons, Inc.' . . . . are not legal entities that are capable of being sued." (Mem. Supp. Mot. to Dismiss, ECF No. 4, at n.1.)

"implied in fact, implied in law, [and] expressed based on the relationship of the parties, in the first instance and as a third party beneficiary herein."[4] (Compl. at 1.)

On July 28, 2014, Defendant Wilson removed his state court action to this Court ("Notice of Removal," ECF No. 1). Shortly thereafter, on July 31, 2014, Defendant Wilson filed a Motion to Dismiss (ECF No. 2) and Motion for Summary Judgment (ECF No. 3). Burks filed a brief opposing the Defendant's Motion to Dismiss (ECF No. 6), and a "Responsive Brief to Defendant's Brief Dated 8/20/14" ("Opposition to Defendant's Motion for Summary Judgment," ECF No. 9).

On September 16, 2014, Burks sought to have the case remanded to the Circuit Court of Prince George County by filing a "Notice for Remand to State Court" (ECF No. 10), which the Court construes as a Motion to Remand.[5] Defendant Wilson filed a brief in opposition (ECF No. 11), and Burks filed an "Opposition to Defendant's Filing Dated 9/18/14" (ECF No. 12).

On September 26, 2014, Burks filed a Motion to Amend (ECF No. 13). Defendant Wilson filed a brief opposing the Motion to Amend (ECF No. 14), and Burks filed a reply (ECF No. 15).

## II. Summary of Allegations

Burks alleges that a variety of conditions at the FCC Petersburg are unsuitable. The unsuitable conditions of the facility, Burks avers, include violations of fire and plumbing codes, "over capacity of the facilities and buildings," and officers "smoking out of designated areas," in violation of their contract with the Federal Bureau of Prisons ("BOP"). (Compl. at 6–7.) Burks contends that these conditions breach three types of contract.

---

[4] The Court corrects the capitalization and spelling in quotations from Burks's filings.
[5] Defendant Wilson concedes that Burks's "Notice" is properly construed as a Motion to Remand. (Opp'n to Mot. Remand, ECF No. 11, at 1.)

First, Burks asserts that 18 U.S.C. § 4002[6] and § 4042[7] constitute a contract between the BOP and the United States, that he is a third party beneficiary to these "contracts," and his conditions of confinement constitute a breach of these contracts. (Compl. 4.) Second, Burks essentially claims that prison conditions constitute a breach of his plea agreement with the Government. (*Id.* at 5.) Lastly, Burks charges that the Defendants breached "contracts between BOP-Low and the State of Virginia, BOP-Low and Prince George County, BOP-Low and City of Hopewell . . . , contracts between the Plaintiff and Virginia, the Plaintiff and Hopewell, the contracts between Prince George County, etc. . . . ." (*Id.* at 6.) To the extent, however dubious, these alleged contracts actually exist, Burks nonetheless fails to describe the content of these contracts, include any contractual terms, or describe how Defendants breached them.[8]

---

[6] The statute provides, in pertinent part:

> For the purpose of providing suitable quarters for the safekeeping, care, and subsistence of all persons held under authority of any enactment of Congress, the Attorney General may *contract*, for a period not exceeding three years, with the *proper authorities of any State*, Territory, or political subdivision thereof, for the imprisonment, subsistence, care, and proper employment of such persons.

18 U.S.C. § 4002 (emphasis added). This statute is irrelevant to Burks, as he is held in a federal facility.

[7] The statute provides, in pertinent part:

> **(a) In general.**--The Bureau of Prisons . . . shall--
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise . . . .

18 U.S.C. § 4042.

[8] Burks also makes a convoluted, passing reference to 42 U.S.C. §§ 1981 and 1985. (*See* Compl. at 8–9.) He, however, fails to state a claim under either statute. "Principles requiring generous construction of *pro se* complaints . . . . do[ ] not require . . . courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Burks clearly seeks to raise various breach of contract claims, not claims alleging a violation of

3

Burks seeks *ad damnum* in the form of $10,000,000 in real damages per defendant and $50,000,000 in punitive damages. (*Id.* at 11.)

### III. Lack of Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 116 S.Ct. 1673, 1675 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* Absent a finding of subject matter jurisdiction, this Court has no adjudicative authority to proceed further. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). As explained below, because the Circuit Court lacked jurisdiction over Burks's claims, so too does this Court.

#### A. Sovereign Immunity and Waiver

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (internal citations and quotation marks omitted) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The statutes Burks cites in his Complaint, namely 18 U.S.C. §§ 4002[9] and 4042,[10] do not create a private right of action against the United States for breach of contract. *See, e.g., Touche*

---

his constitutional rights. Accordingly, these claims are legally frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and will be dismissed. *See* 28 U.S.C. § 1997e(c)(2).

[9] *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (refusing to find an implied private right of action under § 4002 in the absence of an actual contract between federal and state governments).

[10] Some courts have held § 4042 relevant to establishing a duty of care as the basis of a tort claim against the United States under the Federal Tort Claims Act ("FTCA"). *See, e.g., Manning v. U.S. Dep't of Justice*, 104 F. App'x 907, 909 (4th Cir. 2004) (using § 4042 as a standard for the duty of care when evaluating a claim brought pursuant to the FTCA). Burks did not bring this action in tort. Although he makes a single passing reference to the FTCA, he does so in the

*Ross & Co. v. Redington*, 442 U.S. 560, 569 (1979) (refusing to find a statute created an implied private remedy when it failed to prohibit certain conduct or create federal rights in favor of private parties). The statute most applicable to Burks's breach of contract claims is the "Big Tucker Act," 28 U.S.C. § 1491. *Smeltzer v. United States*, 131 F.3d 136, 136 (4th Cir. 1997). This Act grants the Court of Federal Claims exclusive jurisdiction over breach of contract claims against the United States where the amount in controversy exceeds $10,000. *Id.* The Act does not, however, grant state courts jurisdiction over these claims.[11] *See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (explaining that in suits against the United States, state courts lack subject matter jurisdiction unless the waiver of sovereign immunity expressly grants jurisdiction to state courts).

## B. Derivative Jurisdiction

---

context of arguing that he has a right to sue for breach of contract. (Compl. at 10 ("Federal prisoners have a right to sue United States for injuries sustained in prison under the pr[o]visions of [the] Federal Tort Claims Act and/or contracts . . . ." (citation omitted)).) Burks fails to raise an FTCA claim, or allege an action in tort, in any of his pleadings or responses.

While the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett*, 775 F.2d at 1278. Furthermore, assuming *arguendo* Burks properly raised an FTCA claim, the Court would still lack jurisdiction pursuant to the doctrine of derivative jurisdiction. *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 247 (4th Cir. 2007); *see* Part III.B. *infra*. If Burks wishes, he "remains free to bring a separate action against the federal defendants in . . . a district court, for [his tort] claims, in accordance with the FTCA." *Palmer*, 498 F.3d at 247. Dismissal of an FTCA claim does not infringe on "any fundamental right of judicial access . . . [because Burks] has not yet availed [him]self of the appropriate federal fora for resolving its claims against the federal defendants." *Id.*

[11] The "Little Tucker Act," 28 U.S.C. § 1346, grants Federal District Courts concurrent jurisdiction with the Court of Federal Claims over breach of contract claims against the United States not exceeding $10,000. *Randall v. United States*, 95 F.3d 339, 347 (4th Cir. 1996). Like the Big Tucker Act, this Act also fails to grant state courts jurisdiction. *Bullock*, 666 F.3d at 285.

Defendant Wilson removed this action from state court pursuant 28 U.S.C. § 1442(a)(1),[12] which permits the Government to remove a civil case that is filed against officers or agencies of the United States in state court. 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when the Government removes a case under § 1442. *Palmer*, 498 F.3d at 246. When derivative jurisdiction applies, the federal court only acquires the jurisdiction possessed by the state court prior to removal. *Id.* Where, as here, the state court lacks subject matter jurisdiction, the federal court does not acquire it upon removal, "even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998)).[13]

### C. Analysis

Although styled as a state law breach of contract claim, Burks may only bring his action against the United States pursuant to the "Big Tucker Act." 28 U.S.C. § 1491. The Circuit Court does not have subject matter jurisdiction over claims brought pursuant to that Act.

---

[12] That statute provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).
[13] Notably, this Court would not have had jurisdiction over Burks's initial action, as it falls within the exclusive jurisdiction of the Court of Federal Claims.

*Bullock*, 666 F.3d at 285 (observing that "state courts do not have presumptive jurisdiction to decide suits against the United States"). Pursuant to the doctrine of derivative jurisdiction, this Court's jurisdiction over a removed case is the same as that of the state court from which the case originated. *Palmer*, 498 F.3d at 244.[14] Because the Circuit Court lacked jurisdiction over Burks's case, this Court accordingly lacks subject matter jurisdiction, and must dismiss the case. *See, e.g., Patton v. F.B.I.*, No. 2:14-13347, 2014 WL 3496112, at *3 (S.D. W. Va. July 11, 2014).

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[A] matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Id.* at 325 (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). Accordingly, because this Court lacks jurisdiction, and cannot legally adjudicate Burks's contract claims, dismissal is appropriate under § 1915A(b)(1).

### IV. Outstanding Motions

#### A. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant Wilson failed to raise the issue of derivative jurisdiction in his Motion to Dismiss. Instead, he argues that Burks's initial pleading fell under the exclusive jurisdiction of the Court of Federal Claims, as he demanded $60,000,000 in damages from the United States for

---

[14] In *Palmer*, a third-party plaintiff brought, *inter alia*, breach of contract claims against third-party defendants who were federal agencies. 498 F.3d at 239. The third-party defendants removed the case to federal court pursuant to 28 U.S.C. § 1442(a). *Id.* The court dismissed the action pursuant to the doctrine of derivative jurisdiction, noting that the third-party plaintiff "remains free to bring a separate action against the federal defendants in an appropriate forum, *i.e.*, the Court of Federal Claims, for its contract action, in accordance with the Tucker Act . . . ." *Id.* at 247.

breach of contract. (Mem. Supp. Mot. Dismiss, ECF No. 4, at 3.) Accordingly, Defendant's removal of the case to this Court was improper. Nevertheless, because the Court in fact lacks subject matter jurisdiction,[15] the Defendant's Motion to Dismiss (ECF No. 2) will be granted.

B. Remaining Motions

Because the Court lacks jurisdiction over the matter, Defendant's Motion for Summary Judgment (ECF No. 3) will be denied. Burks's Motion for Remand (ECF No. 10) and Burks's Motion to Amend[16] (ECF No. 13) will be denied as moot.

V. Conclusion

For the reasons set forth, Defendant Wilson's Motion to Dismiss (ECF No. 2) will be granted. Defendant Wilson's Motion for Summary Judgment (ECF No. 3), Burks's Motion for Remand (ECF No. 10), and Burks's Motion to Amend (ECF No. 13) will be denied. The action will be dismissed for lack of jurisdiction.

An appropriate Final Order will follow.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 19 2014
Richmond, Virginia

---

[15] The fact that Defendant Wilson failed to raise the correct legal basis for dismissal is immaterial. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)).

[16] In his Motion to Amend, Burks seeks to modify the collective *ad damnum* from $60,000,000 to $10,000, or, in the alternative, transfer the case to the Court of Federal Claims. (Mot. to Amend at 4.) If the Court grants leave to amend, the matter would fall under the "Little Tucker Act," and this Court would still lack jurisdiction under the doctrine of derivative jurisdiction. *Bullock*, 666 F.3d at 285. If the Court transferred the matter to the Court of Federal Claims, it too would lack subject matter jurisdiction pursuant to the doctrine of derivative jurisdiction.